# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:16-cr-00069-LJO-SKO-11 |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTIONS TO STRIKE SURPLUSAGE FROM THE INDICTMENT** |
| v. | |
| JAMES YORK, *et al.*, | |
| Defendants. | (ECF Nos. 352, 366) |

Before the Court for consideration are two motions to strike portions of the Indictment as prejudicial surplusage, one filed by Defendant William Lee (ECF No. 352), and one filed by Kenneth Wharry (ECF No. 366). Co-Defendants Darrell Maxey, Trenell Monson, Davon Millro, and Anthony Windfield each joined one or both motions. (ECF Nos. 355, 357, 389, 392.)

Defendants argue that the Indictment (ECF No. 127) contains prejudicial and inflammatory language, including unalleged facts through phrases such as "among other things" and "including but not limited to," descriptions of illegal activity that is irrelevant to the charges, inflammatory words such as "gangster," "pimping," and "bitch," descriptions of past events and gang history, and statements concerning defendants' aliases. (ECF Nos. 352, 366.)

Rule 7(d) authorizes the court to strike surplusage from an indictment "to protect a defendant

1

against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Ramirez*, 710 F.2d 535, 544-45 (9th Cir. 1983). Allegations in the indictment that are never read to the jury are not prejudicial and therefore need not be stricken. *United States v. Hedgepeth*, 434 F.3d 609, 613 (6th Cir. 2006).

Language in the indictment which covers information which the government, in good faith, intends to prove at trial cannot be stricken as surplusage, no matter how prejudicial it may be. *United States v. Lavin*, 504 F. Supp. 1356, 1362 (N.D. Ill. 1981). The prosecution is entitled to prove its case by evidence of its own choice; i.e. a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it. *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997).

While some courts have a practice of providing a copy of the indictment, or reading it verbatim to the jury, this Court does not. The Court, according to its usual practice, will not give a copy of the indictment to the jurors, and will screen irrelevant, prejudicial material from the jury, including any unnecessary contents of the indictment. There is, therefore, no surplusage in the indictment. *See United States v. Ballard*, No. 05-CR-00168-DLJ, 2007 WL 4365499, at *2 (E.D. Cal. Dec. 12, 2007); *Hedgepeth*, 434 F.3d at 613. Issues regarding what the jury will see or hear can be resolved at trial or by motions in limine. Nothing will be stricken in the Indictment.

## I. CONCLUSION AND ORDER

Accordingly, it is hereby ordered that Defendants' motions to strike surplusage from the Indictment (ECF Nos. 352, 366) are **DENIED**.

IT IS SO ORDERED.

Dated: __**June 28, 2017**__   _____/s/ Lawrence J. O'Neill_____
                              UNITED STATES CHIEF DISTRICT JUDGE