# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:16-cr-00069-LJO-SKO-11 |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTIONS FOR A BILL OF PARTICULARS** |
| v. | |
| JAMES YORK, *et al.*, | |
| Defendants. | (ECF Nos. 338, 365) |

## I. INTRODUCTION

Before the Court for consideration are two motions for a bill of particulars, one filed by Defendant Kiandre Johnson (ECF No. 338), and one filed by Kenneth Wharry (ECF No. 365). Co-Defendants William Lee, Darrell Maxey, Trenell Monson, Deandre Stanfield, Luther Newsome, James York each joined one or both motions. (ECF Nos. 351, 355, 356, 360, 381, 379.) The Government filed an opposition on August 17, 2017. (ECF No. 409.). The issues are clear, as are the arguments. No Reply is either requested or needed.

## II. STANDARD OF DECISION

In determining whether a bill of particulars is warranted under the Federal Rules of Criminal Procedure, Rule 7(f), the Ninth Circuit has stated, "[a] bill of particulars has three purposes: to apprise

1

the defendant of the specific charges being presented so as to minimize surprise at trial, to aid the defendant in preparing for trial, and to protect against double jeopardy." *United States v. Burt*, 765 F.2d 1364, 1367 (9th Cir. 1985); *see also United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983); *United States v. Avers*, 924 F.2d 1468, 1483-84 (9th Cir. 1991).

A bill of particulars is not to be used as a discovery device, with a defendant interrogating the government as to the precise details of every alleged act – the who, what, and where of every allegation. *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979). The precise rules of criminal discovery would be unnecessary if a bill of particulars were meant to serve the same purpose. *Id.*

Federal trial courts have broad discretion in determining whether or not to grant a motion for bill of particulars. *See Will v. United States,* 389 U.S. 90, 98-99 (1967); *see also Long*, 706 F.2d at 1054 ("The decision whether to grant a request for a bill of particulars is directed to the trial court's discretion." (citations omitted)); *United States v. Calabrese*, 825 F.2d 1342, 1347 (9th Cir. 1987) (abuse of discretion standard on appeal). In exercising its discretion the court should consider the totality of the information available to the defendants through the indictment, affirmations and pretrial discovery and determine whether, in light of the charges the defendants must answer, the filing of a bill of particulars is warranted. *See United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984); *Long*, 706 F.2d at 1054 ("Full discovery will obviate the need for a bill of particulars"); *United States v. Santiago*, 174 F. Supp. 2d 16, 34 (S.D.N.Y. 2001) (court should also consider the complexity of the offenses charged and the clarity of the indictment).

### III. ANALYSIS

Johnson and Wharry each make a number of requests with respect to Count 1 of the Indictment. (ECF Nos. 338 at 4-5365 at 7-8.) Additionally, Wharry makes two requests with respect to Counts 10 and 17 and four requests with respect Count 23. (ECF No. 365 at 8-9.)

**A.     Count 1**

Defendants Johnson and Wharry, along with eight others, are charged in Count 1 of the Indictment with conspiracy to commit murder in furtherance of a criminal enterprise in violation of 18 U.S.C. § 1959(a)(5). (ECF No. 127 ("Indictment").) Defendants are alleged to have conspired to murder a member of a rival gang. (ECF No. 127 at 11-12.) Defendant Johnson seeks information detailing the identities of rival gang members, the name of rival gang that was the object of conspiracy to murder, the identities and police reports relating to victims who were the objects of the conspiracy to murder, who was present at meetings where murders and attempted murders were discussed, and details regarding those meetings, which acts comprise the over acts of the conspiracy to murder, the identity of the alleged prostitutes Defendant Johnson controlled, and the dates, times, and location of the burglaries or attempted burglaries Johnson allegedly perpetrated as described in page 10, paragraph 14(a) of the Indictment. Defendant Wharry likewise seeks information regarding the identity and address of each person known to the Government with whom Defendants are alleged to have conspired, the time date and persons present on each occasion that the Defendants unlawfully conspired, the identity of the person whom Defendants conspired to murder, the time, date and location of conspiracy meetings, the identification of the rival gang, and the nature and description of the weapon alleged to have been used by Defendants. For the purpose of clarity, the Court distills these requests into two general categories: 1) a request for information about the identity of co-conspirators, their acts, and the nature of the conspiracy, 2) a request for information about the identity of the rival gang implicated in the conspiracy to murder and the alleged victim or victims of the conspiracy.

To the extent the motion seeks particulars with respect to the time, date, places and acts through which Defendants named in Count 1 of the Indictment joined the conspiracy and completed their participation therein, the acts performed and the witnesses present, it seeks information more akin to evidentiary details not properly the subject of a bill of particulars. *See United States v. Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001); *United States v. Jimenez*, 824 F. Supp. 351, 363 (S.D.N.Y.

1993) (motions for "whens," "wheres," and "with whoms" regarding a conspiracy are routinely denied). The Ninth Circuit has expressly held that a bill of particulars is not required to identify some of the exact details sought by defendants, holding that a bill of particulars is not warranted to provide the exact date on which the conspiracy allegedly began or to delineate all other overt acts that comprised the charged activity. *United States v. DiCesare*, 765 F.2d 890, 897-98 (9th Cir. 1985) (citations omitted) (exact times); *Cook v. United States*, 354 F.2d 529, 531 (9th Cir.1965) (all overt acts)), *amended on other grounds*, 777 F.2d 543 (9th Cir. 1985). Moreover, in this case Defendants have been provided extensive discovery, including 77,665 pages of written discovery, a large volume of audio and video recordings, and other data and documents. (ECF No. 15 at 13-15.) The Government also filed a 258-page criminal complaint. (ECF No. 2.) As to the request that the Government identify unindicted co-conspirators, a bill of particulars is not warranted. *See United States v. Ellis*, 121 F. Supp. 3d 927 (N.D. Cal. 2015).

As to Defendant Johnson's request for the dates, times, and location of the burglaries or attempted burglaries Defendants allegedly perpetrated as described in page 10, paragraph 14(a) of the Indictment, neither Johnson nor any other defendant is alleged to have committed a burglary. (Indictment at 10.) The Court assumes that Defendant is referring to the allegation that "[m]embers of the enterprise and their associates committed, attempted and threatened to commit acts of violence, including murder and *robbery*." (Indictment at 10 (emphasis added).) A bill of particulars is not an appropriate vehicle for Defendants to request further details. The Indictment apprises Defendant of the essential elements of a § 1959 offense: that the defendants was a member of an enterprise engaged in racketeering activity as defined in 18 U.S.C. § 1961(1), and that the defendant conspired to murder a rival gang member to maintain or increase his position in the enterprise. *See United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 778-79 (E.D. Va. 2004) ("Notably, neither the elements nor the details of the predicate racketeering offenses are essential elements of . . . a § 1959 charge"); *see also United States v. Ellis*, 121 F. Supp. 3d 927 (N.D. Cal. 2015) (defendants charged with racketeering conspiracy were not entitled to a bill of particulars with respect to the alleged violent crimes in aid of racketeering activity

where the indictment expressly alleged the required elements for violent crimes in aid of racketeering activity status crimes and was therefore sufficient to permit defendants to prepare their defenses, avoid surprise at trial, and protect against double jeopardy).

With respect to Defendants' request for information regarding the rival gang and the target of the alleged conspiracy to murder, that information is also evidentiary in nature and therefore not a suitable subject for a request for a bill of particulars. *See Giese*, 597 F.2d at 1180. Defendants have not shown that an adequate defense requires disclosures of the identity of the rival gang or of the alleged target or victim of the conspiracy. Moreover, the Government filed a lengthy criminal complaint in this case and Defendants have been provided extensive discovery (ECF No. 15 at 13-15.) "The identities of the victims are a part of the government's evidence, not a part of its theory." *United States v. Grace*, 401 F. Supp. 2d 1103, 1112 (D. Mont. 2005); *see also United States v. Barrera*, 950 F. Supp. 2d 461, 478 (E.D.N.Y. 2013) ("the Government need not disclose the names of the murder conspiracy's intended victims in order for Defendant to be adequately apprised of the specific crimes of which he is accused").

The Court finds that the notice provided by the pleadings filed and discovery produced are sufficient to obviate the need for a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure as to Count 1.

**B.     Counts 10 and 17**

Defendant Wharry is charged in Count 10 of the Indictment with interstate transportation for prostitution in violation of 18 U.S.C. § 2421, and in Count 17 of the Indictment with use of a facility of interstate commerce to promote prostitution in violation of 18 U.S.C. § 1952. (Indictment at 17-19.) Defendant Wharry seeks information regarding the identity of the person or persons whom he allegedly transported across state lines for the purpose of prostitution, as well as the time, date, location, and persons present on each occasion that Defendants unlawfully conducted interstate transportation for prostitution. These requests are not properly the subject of a bill of particulars. The bill of particulars is not a device to allow the defense to preview the government's evidence, nor is it to be used to discover

the witnesses the government intends to call at trial. *DiCesare*, 765 F.2d 890, 897-98. Moreover, the Indictment does provide information regarding the nature and circumstances of each crime. For Count 10, it alleges that Defendant Wharry, during a three week period during 2016, transported a female with the initials C.A. from Nevada to California and from California to Maryland with the intent that she engage in prostitution. (Indictment at 17.) For Count 17, it indicates the date, time, and phone number of the call implicated in the alleged crime. (Indictment at 19.) The allegations in the Indictment, combined with the discovery provided by the Government, are sufficient to put Defendants on notice as to the Government's theory of the crime and the basic facts surrounding it.

**C.     Count 23**

Defendant Wharry, along with five other Defendants, is charged in Count 23 of the Indictment with Conspiracy to Effect the Transactions with Access Devices Issued to Other Persons in violation of 18 U.S.C. § 1029(a)(5) and (b)(2). (ECF No. 127.) Defendant Wharry seeks information regarding the identity of each co-conspirator, the time, date, location, and persons present during each act of the alleged conspiracy, the time, date, location, and persons present on each occasion that Defendants unlawfully conspired with one another, and any overt act not enumerated in the Indictment. (ECF No. 365 at 9.) As previously explained with regard to Defendants' request for details on the conspiracy alleged in Count 1, this information is not properly the subject of a motion for a bill of particulars. *Giese*, 597 F.2d at 1180-81; *Jimenez*, 824 F. Supp. at 363. The indictment, criminal complaint, and discovery provided in this case obviate the need for a bill of particulars.

## IV. CONCLUSION AND ORDER

Accordingly, it is hereby ordered that Defendants' motions for a bill of particulars (ECF Nos. 338, 365) are **DENIED**.

IT IS SO ORDERED.

Dated:   **August 18, 2017**              /s/ Lawrence J. O'Neill
                                          UNITED STATES CHIEF DISTRICT JUDGE

6