# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No: 1:16-CR-00069-LHR-SKO |
|---|---|
| Plaintiff, | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER DENYING COMPASSIONATE** |
| v. | ) **RELEASE** |
| JAMES YORK, | ) |
| Defendant. | ) |

## I. Introduction

James York pleaded guilty to conspiracy to commit murder in aid of racketeering, use of a facility of interstate commerce to promote prostitution, and possession of an unregistered firearm, in violation of 18 U.S.C. §§ 1952(a), 1959(a)(5), and 26 U.S.C. § 5861(d). The charges arose from York's April 2016 arrest following a state investigation of the Dog Pound Gangsters, a criminal gang in which York was a high-ranking member. York pleaded guilty to conspiring to murder rival gang members, prostituting several women, and selling a modified and unregistered assault rifle. He was sentenced to 168 months. With good-time credit, his scheduled release date is in March 2028. He has served 62 months, or 37 percent, of his 168-month sentence.

York moved for compassionate release and for the appointment of counsel. (Docket Entry Nos. 914, 926). The court appointed the Federal Public Defenders Office to represent York on his compassionate-release motion. (Docket Entry No. 929). York supplemented his motion, the government responded, and York replied. (Docket Entry Nos. 934, 937, 940). York asks the court to modify his sentence to allow him to spend the remaining 122 months of his custodial sentence on home detention, based on a medical condition that increase his vulnerability to COVID-19. (Docket Entry No. 934).

For the reasons set out more fully below, the court denies York's motion.

## II. Analysis

### A. The Legal Standard

Courts generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). But a court may reduce a defendant's sentence if "the factors set forth in section 3553(a)" and "extraordinary and compelling reasons" justify a reduction. 18 U.S.C. § 3582(c)(1)(A).

After a defendant has been sentenced to a term of imprisonment, a court "may reduce the term" if, after considering the 18 U.S.C. § 3553(a) factors, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The comments to the United States Sentencing Guidelines § 1B1.13 provide four "extraordinary and compelling reasons" that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) other reasons. U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018). A medical condition might be sufficiently serious to warrant release if the condition is either "terminal" or it "substantially diminishes the [defendant's ability] to provide self-care." *Id.* at cmt. n.1(A)). Although those statements by the Sentencing Commission are not binding on compassionate-release motions filed by a defendant, they provide guidance for determining whether extraordinary and compelling reasons exist that justify granting compassionate release. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

"In some exceptional cases," compassionate release may be warranted if a defendant "demonstrate[s] an increased risk of serious illness if he or she were to contract COVID." *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021). Courts granting compassionate release

have generally done so "for defendants who had already served [most of their] sentences and [had] multiple, severe, health concerns." *Id.* at 434–35. Compassionate release typically does not extend to otherwise healthy defendants or defendants with well-managed health conditions. *Id.* at 435.

**B.    Analysis**

The court acknowledges the ongoing threat of COVID-19, as well as the improvements in responding to it. At the facility where York is incarcerated, FCI Mendota, as of June 30, 2021, no inmates or staff are testing positive for COVID. Since the pandemic began, 30 inmates and 33 staff members have contracted COVID and recovered. *See* BOP COVID-19 Resource Page, https://www.bop.gov/coronavirus (last visited June 30, 2021). The BOP is taking significant steps to try to reduce the threat of further COVID infection in its facilities.

York argues that compassionate release is justified because he has asthma. An inmate's medical conditions support compassionate release if those conditions "substantially diminish[] the ability of the defendant to provide self-care." U.S.S.G. § 1B1.13 cmt. n.1(A). An inmate who is at least 65, is experiencing a serious deterioration in physical or mental health, and has served the lesser of 10 years or 75 percent of their sentence, may also present a compelling case for release. York is 44 years old, below the age of greater vulnerability to COVID. York's medical records show that, although he has asthma, the condition is well-controlled and is being treated in the prison. (Docket Entry No. 937-1 at 12, 14–15, 17–18, 22, 36, 43, 46, 61 (Exh. 2) (sealed)). York has not shown that his asthma severely diminishes his ability to self-care within prison. Compassionate release is not justified by York's medical condition. *See Thompson*, 984 F.3d at 434–35 (compassionate release is "largely" granted for defendants with "multiple, severe, health concerns" that create "an increased risk of serious illness if [they] were to contract COVID").

York also argues that the threat of COVID justifies compassionate release. York has been fully vaccinated against COVID, which substantially reduces the risk that he will contract, or be severely harmed by, COVID. (Docket Entry No. 937-1 at 39 (Exh. 2) (sealed)); *See United States v. Smith*, --- F. Supp. 3d ---, 2021 WL 1890770, at *3 (E.D. Cal. May 11, 2021) ("district courts across the country, including within this Circuit, have held almost uniformly that a defendant's vaccination undercuts any claims of 'extraordinary and compelling reasons' based on a high risk of infection"); *United States v. Ruben Baraja-Guerrero*, No. 1:17-cr-00148, 2021 WL 1839728, at *6 (E.D. Cal. May 7, 2021) ("Defendant has failed to carry his burden of establishing his entitlement to a sentence reduction based on his purported susceptibility to COVID-19 because he is now fully vaccinated and has not cited any evidence indicating that he continues to be at severe risk from the virus.").

The § 3553(a) factors also support denying relief. Although York has taken advantage of educational opportunities while in prison, his criminal history and his past violation of supervised-release conditions weigh against an early release. The record weighs in favor of finding that York is a danger to the safety of others and the community. U.S.S.G. § 1B1.13(2). The § 3353(a) factors add to the reasons for denying relief.

### III. Conclusion

York's motion for an order modifying the remainder of his sentence to take place in home detention is denied.

SIGNED on July 6, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge